E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KEDAR S. BHATIA (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4442
     E-mail:   kedar.bhatia@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br>SKYLAR LYNN MITCHELL,<br><br>             Defendant. | No. 2:23-cr-533-SVW<br><br>PLEA AGREEMENT FOR DEFENDANT<br>SKYLAR LYNN MITCHELL |

1.    This constitutes the plea agreement between Skylar Lynn Mitchell ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

      a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count First Superseding Information in the form attached to this agreement

1   as Exhibit A or a substantially similar form, which charges defendant

2   with possessing with the intent to distribute fentanyl, in violation

3   of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

4           b.   Not contest facts agreed to in this agreement.

5           c.   Abide by all agreements regarding sentencing contained

6   in this agreement.

7           d.   Appear for all court appearances, surrender as ordered

8   for service of sentence, obey all conditions of any bond, and obey

9   any other ongoing court order in this matter.

10          e.   Not commit any crime; however, offenses that would be

11  excluded for sentencing purposes under United States Sentencing

12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13  within the scope of this agreement.

14          f.   Be truthful at all times with the United States

15  Probation and Pretrial Services Office and the Court.

16          g.   Pay the applicable special assessment[s] at or before

17  the time of sentencing unless defendant has demonstrated a lack of

18  ability to pay such assessments.

19          h.   Not seek, argue, or suggest in any way, either orally

20  or in writing, that the Court impose a term of imprisonment below 120

21  months.

22                        THE USAO'S OBLIGATIONS

23      3.   The USAO agrees to:

24          a.   Not contest facts agreed to in this agreement.

25          b.   Abide by all agreements regarding sentencing contained

26  in this agreement.

27          c.   At the time of sentencing, move to dismiss the

28  underlying indictment as against defendant. Defendant agrees,

however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

        d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<div align="center">NATURE OF THE OFFENSE</div>

    4.   Defendant understands that for defendant to be guilty of the crime charged in the single-count First Superseding Information, that is, possessing with the intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the following must be true: (1) defendant knowingly possessed a federally controlled substance, namely fentanyl, a Schedule II narcotic drug controlled substance; and (2) defendant possessed the controlled substance with the intent to distribute it to another person.

<div align="center">PENALTIES</div>

    5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), is: 20 years imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

    6.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C.

<div align="center">3</div>

§§ 841(a)(1), (b)(1)(C) is: a three-year period of supervised release and a mandatory special assessment of $100.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or

assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10.    Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

11.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraphs 13-14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about November 5, 2022, in Los Angeles County, within the Central District of California, defendant knowingly possessed a controlled substance, namely, fentanyl, with the intent to distribute the fentanyl to another person. That day, defendant met with J.M. and sold her five pills containing fentanyl (the "Pills"). J.M. consumed at least one of the Pills, resulting in her fatal overdose. J.M. was found dead the next morning, on November 6, 2022. But for J.M.'s ingestion of the fentanyl in the Pills sold by defendant, J.M. would not have died.

On or about November 9, 2022, law enforcement officers searched defendant's residence in Santa Clarita, California, and located, among other things: (i) 26 pills containing fentanyl in a plastic container; (ii)  three pills containing fentanyl in a clear plastic bag; (iii) a "weigh max" digital gram scale; and (iv) clear plastic zip-top plastic baggies.

<u>SENTENCING FACTORS</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.    Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties stipulate that defendant committed a separate violation of 21 U.S.C. § 841(b)(1)(C) (distribution of fentanyl resulting in death), in that, on or about November 5, 2022, defendant knowingly and intentionally distributed fentanyl, the use of which resulted in the death of J.M., and that such overdose death resulting from defendant's distribution of fentanyl constitutes a more serious offense than the offense of conviction for purposes of calculating the applicable Sentencing Guidelines offense level. Accordingly, pursuant to U.S.S.G. §§ 2D1.1(a)(2), 1B1.2(a), and 1B1.2(c), the parties stipulate that the Court should calculate the Sentencing Guidelines as if defendant had been convicted of the offense described in this paragraph and apply a base offense level 38. The parties further stipulate that application of such a base offense level, which is greater than the base offense level that would otherwise apply, is independently supported by U.S.S.G. § 5K2.1. Defendant will not recommend, argue, or otherwise suggest that the court impose a base offense level other than 38.

14.    Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

  Base Offense Level:                38        U.S.S.G. § 2D1.1(a)(2)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, subject to paragraphs 2(h) and 13 above. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered,

7

1    defendant and the USAO will not be bound by the agreement to

2    Sentencing Guideline factors set forth above.

3        15.  Defendant understands that there is no agreement as to

4    defendant's criminal history or criminal history category.

5        16.  Defendant and the USAO reserve the right to argue for a

6    sentence outside the sentencing range established by the Sentencing

7    Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

8    (a)(2), (a)(3), (a)(6), and (a)(7), subject to paragraph 2(h) above.

9                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

10       17.  Defendant understands that by pleading guilty, defendant

11   gives up the following rights:

12            a.   The right to persist in a plea of not guilty.

13            b.   The right to a speedy and public trial by jury.

14            c.   The right to be represented by counsel -- and if

15   necessary have the Court appoint counsel -- at trial. Defendant

16   understands, however, that, defendant retains the right to be

17   represented by counsel -- and if necessary have the Court appoint

18   counsel -- at every other stage of the proceeding.

19            d.   The right to be presumed innocent and to have the

20   burden of proof placed on the government to prove defendant guilty

21   beyond a reasonable doubt.

22            e.   The right to confront and cross-examine witnesses

23   against defendant.

24            f.   The right to testify and to present evidence in

25   opposition to the charges, including the right to compel the

26   attendance of witnesses to testify.

27

28

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND WAIVER OF COLLATERAL</u>

<u>ATTACK</u>

19.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions

set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

21.  This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was dismissed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up

all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

23. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

<div align="center">EFFECTIVE DATE OF AGREEMENT</div>

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<div align="center">BREACH OF AGREEMENT</div>

25. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge

1  that was either dismissed or not filed as a result of this agreement,

2  then:

3          a.   Defendant agrees that any applicable statute of

4  limitations is tolled between the date of defendant's signing of this

5  agreement and the filing commencing any such action.

6          b.   Defendant waives and gives up all defenses based on

7  the statute of limitations, any claim of pre-indictment delay, or any

8  speedy trial claim with respect to any such action, except to the

9  extent that such defenses existed as of the date of defendant's

10 signing this agreement.

11         c.   Defendant agrees that: (i) any statements made by

12 defendant, under oath, at the guilty plea hearing (if such a hearing

13 occurred prior to the breach); (ii) the agreed to factual basis

14 statement in this agreement; and (iii) any evidence derived from such

15 statements, shall be admissible against defendant in any such action

16 against defendant, and defendant waives and gives up any claim under

17 the United States Constitution, any statute, Rule 410 of the Federal

18 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

19 Procedure, or any other federal rule, that the statements or any

20 evidence derived from the statements should be suppressed or are

21 inadmissible.

22           COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

23                          OFFICE NOT PARTIES

24     27.  Defendant understands that the Court and the United States

25 Probation and Pretrial Services Office are not parties to this

26 agreement and need not accept any of the USAO's sentencing

27 recommendations or the parties' agreements to facts or sentencing

28 factors.

                                    12

28.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraphs 13-14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

| | |
|---|---|
| [signature] | 6/27/2024 |
| KEDAR S. BHATIA<br>Assistant United States Attorney | Date |
| [signature] | 6-27-24 |
| SKYLAR LYNN MITCHELL<br>Defendant | Date |
| [signature] | 6-27-2024 |
| CARLOS L. JUAREZ<br>Attorney for<br>Defendant Skylar Lynn Mitchell | Date |

<div style="text-align:center">CERTIFICATION OF DEFENDANT</div>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____            6-27-24
                                         _____
SKYLAR LYNN MITCHELL                      Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant Skylar Lynn Mitchell's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____            6-27-2024
CARLOS L. JUAREZ                             Date
Attorney for
Defendant Skylar Lynn Mitchell

16